## BURT FURNITURE COMPANY v SMITH

Ohio Appeals, 8th Dist., Cuyahoga Co

Decided June 24, 1929

Messrs. Mooney, Hahn, Loeser, & Keough, Cleveland, for Furniture Co.

Messrs. Anderson & Lamb, Cleveland, for Smith.

JUDGES KUNKLE, ALLREAD & HORN-BECK (2nd Dist) sitting.

KUNKLE, J.

Counsel for plaintiff in error rely principally for a reversal of this judgment upon the ground that the record shows the injuries received by defendant in error were due to the contributory negligence upon his part. We have read the record in this case and have also considered the very helpful briefs which have been filed by counsel and in which not only many of the pertinent portions of the testimony are set forth, but in which the controlling decisions of our courts are cited and commented upon. We shall not attempt to quote from the testimony in detail, nor shall we undertake a discussion of the authorities. We deem the same unnecessary as counsel are thoroughly familiar with not only the evidence, but with the respective authorities relied on. We shall merely announce the conclusion at which we have arrived after reading the same.

We think there is evidence in the record which justified the finding of the jury, namely that plaintiff in error was guilty of negligence and that under the circumstances disclosed by the record the defendant in error was not guilty of contributory negligence.

This is not a case in which the injured person was required to open a door or a gate before injury could result as in some

of the cases cited. The gates in question were up, and we think defendant in error had a right to assume that the elevator was in proper place at the floor landing, and that the passage way to the place where he was required to go was safe. The question of contributory negligence was an issue of fact for the jury.

We think the trial court porperly refused the two special instructions requested by counsel for plaintiff in error. We are also of the opinion that the trial court in its charge to the jury fully and fairly presented the issues in this case for its consideration.

We have considered all of the errors urged by counsel for plaintiff in error in their brief, but finding no error in the record which we consider prejudicial to plaintiff in error, the judgment of the lower court will be affirmed.

Allread and Hornbeck, JJ, concur.